IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Jonathan Fankhauser,** | Case No. 1:25 cv 1693 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Warden Jane Doe,** *et al.***,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

### Background

*Pro se* Plaintiff Jonathan Fankhauser, a state prisoner incarcerated in the Grafton Correctional Institution, has filed an *in forma pauperis* prisoner civil rights complaint in this case pursuant to 42 U.S.C. § 1983 against the Warden of the Lorain Correctional Institution where he was previously incarcerated and "John and Jane Doe" Defendants. (Doc. No. 1.)

The basis for his complaint is that "a large metal exterior door" in the prison "did not have a working closer on it as required," and, as a result, "a gust of wind slammed" the door shut on his finger and severed and broke his finger. (*Id*. at ¶¶ 12, 18.) He states that the John and Jane Doe Defendants were employed in the prison's health and safety and/or maintenance department and were responsible for, but did not assure that a closer was properly installed on the door. (*Id*. at ¶ 7.)

He states he was satisfied with the medical care he received to reattach and set his broken finger after the incident, and that his "finger ultimately healed as expected." (*Id*. at ¶ 17.) But he contends that the "acts and omissions" he describes in his complaint violate his right under the Eighth

Amendment to be free from cruel and unusual punishment and his right to due process under the Fourteenth Amendment. He seeks declaratory, injunctive, and monetary relief. (*Id*. at p. 5, ¶ VIII.)

**Standard of Review and Discussion**

Although *pro se* complaints are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the "lenient treatment generally accorded to *pro se* litigants has limits" and *pro se* plaintiffs are not automatically entitled to take every case to trial. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Federal district courts are expressly required, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to screen all *in forma pauperis* actions filed in federal court and any action in which a prisoner seeks redress from governmental defendants, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a *pro se* "'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under §§ 1915(e)(2)(B) and 1915A). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon review, the Court finds that the Plaintiff's complaint warrants dismissal pursuant to §§ 1915(e)(2)(B) and 1915A. Even liberally construed, his allegations are insufficient to allege plausible constitutional claims under the Eighth and Fourteenth Amendments.

Although prison conditions are subject to scrutiny under the Eighth Amendment, not every harm or injury suffered in prison rises to the level of cruel and unusual punishment under the Constitution; "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

To state a constitutional Eighth Amendment claim, a prisoner must demonstrate objective and subjective components. *Green v. Martin*, 18 F. App'x 298, 300 (6th Cir. 2001), citing *Farmer,* 511 U.S. at 834. He must demonstrate both that he suffered an objectively "extreme" deprivation in the prison context, *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992), *and*, that a defendant prison official acted with subjective "deliberate indifference" with respect to the deprivation. *Wilson v. Setier*, 501 U.S. 294 (1991). *See also Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001). The second, subjective component of a claim requires the prisoner to show more than mere negligence on the part of a prison official. Rather, the prisoner must allege facts demonstrating that a prison official actually, "subjectively perceived facts from which to infer substantial risk to the prisoner [as a result of the alleged prison condition], that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). As the Supreme Court explained in *Farmer*, acts or omissions of prison employees "unaccompanied by [their] knowledge of a significant risk of harm," might well be something society wishes to discourage and may merit compensation

3

under state tort law. *Farmer*, 511 U.S. at 837–38. "But an official's failure to alleviate a significant risk that he should have perceived but did not . . . cannot under our cases be condemned as the infliction of punishment" prohibited by the Eighth Amendment. *Id.* at 838.

Although Plaintiff asserts in entirely conclusory terms that "Defendants demonstrated deliberate indifference and callous disregard for [his] safety when they failed to assure that the large metal door at issue had a properly working closer," (Doc. No. 1 at ¶ 24), he does not plead facts supporting his assertion or demonstrating the required subjective component of a deliberate indifference claim. That is, he has not alleged facts permitting plausible inferences that any prison official was subjectively aware of the dangerous condition existing on the exterior door of which he complains, that an official drew an inference that the condition presented a risk of inmate harm, and that an official disregarded such risk despite such awareness. Conclusory allegations like Plaintiffs are insufficient to state a deliberate indifference claim. *See Hix v. Tennessee Dept. of Corrections*, 196 Fed. Appx. 350, 357, 2006 WL 2431103, at *6 (6th Cir. 2006).

At most, Plaintiff's allegations suggest negligence on the part of prison employees with respect to discovering and addressing the dangerous condition in the jail of which he complains, but such allegations are insufficient to allege a plausible constitutional deliberate indifference claim against any Defendant prison employee or official.

Plaintiff's complaint also fails to allege a plausible constitutional due process claim. The Due Process Clause of the Fourteenth Amendment provides that a person may not be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. A person who seeks to invoke the Fourteenth Amendment's protection must demonstrate that one of those interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209 (2005). Plaintiff's complaint does not identify any life,

liberty, or property interest of which he contends he was deprived, and none is plausible on the face of his complaint. The Supreme Court has made clear that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property," which is the most Plaintiff's complaint alleges. *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

### Conclusion

In accordance with the foregoing, Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted and his complaint is dismissed for failure to state a plausible federal civil rights claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: November 26, 2025

s/*Pamel A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE